UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR MARKOV,<br><br>                       Petitioner,<br><br>v.<br><br>WARDEN, OTAY MESA DETENTION CENTER,<br><br>                     Respondents. | Case No.: 3:25-cv-3705-CAB-AHG<br><br>**ORDER DISMISSING HABEAS PETITION**<br><br>[Doc. No. 1] |

Before the Court is Petitioner Vladimir Markov's Petition for writ of habeas corpus 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner argues that he is being detained by Immigration and Customs Enforcement ("ICE") without a bond hearing in violation of the Fifth Amendment. [*Id.* at 6, 11–12.] Respondents filed a response to the Petition. [Doc. No. 4.] The Court finds this matter appropriate for determination on the papers. *See* S.D. Cal. CivLR 7.1.(d)(1). For the following reasons, the Court **DISMISSES** the Petition.

## I.     BACKGROUND

On June 1, 2025, Petitioner, a Russian citizen, applied for admission to the United States at a port of entry. [*Id.* at 2.] He did not possess valid documentation allowing him to legally enter and was thus taken immediately into immigration custody and placed in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1). [*Id.*] Petitioner then

1

expressed a fear of returning to Russia, was interviewed, and received a positive credible fear determination. [*Id.* at 5; Petition at 9.] Petitioner has remained in ICE custody since. He is currently detained at Otay Mesa Detention Center ("OMDC"). Petitioner challenges that his detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. [Petition at 11–12.] Petitioner also alleges that he has not received sufficient medical care for his condition of pulmonary sarcoidosis. [*Id.* at 9, 12.]

## II.    LEGAL STANDARD

A writ of habeas corpus challenges the legality of a petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJCBJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

## III.   DISCUSSION

Petitioner argues that his prolonged detention—to date more than seven months—violates his Fifth Amendment right to due process. [Petition at 11.] Respondents counter that the relevant statutory language of § 1225(b)(1) and Supreme Court precedent require Petitioner's detention until his removal proceedings are resolved, including his claim for asylum, and that Petitioner is not entitled to a bond hearing. [Doc. No. 4 at 4–5.]

Starting first with the statutory language, there can be no dispute that the plain language of § 1225(b) mandates detention. The Supreme Court has said as much, first in *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) and then in *Thuraissigiam*. In *Jennings*, the Supreme Court reasoned:

> Read most naturally, §§ 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded. Section 1225(b)(1) aliens are detained for "further consideration of the application for asylum," . . . . Once those proceedings end, detention under § 1225(b) must end as well. Until that point, however, nothing in the statutory text imposes

any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings.

*Id.* at 297.  The Supreme Court affirmed this conclusion in *Thuraissigiam*, stating that "[w]hether an applicant who raises an asylum claim receives full or only expedited review, the applicant is not entitled to immediate release. . . . Applicants who are found to have a credible fear may also be detained pending further consideration of their asylum applications." 591 U.S. at 111.

Nonetheless, given that *Jennings* and *Thuraissigiam* decided only the statutory question and not the constitutional question, this Court recently held in a similar case "that § 1225(b)(1) simply cannot justify practically indefinite civil detention." *L.R.G. v. LaRose*, 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 6 (citing *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018)).  The Court adopted the *Banda* test which considers the following six factors to determine when detention under § 1225(b)(1) violates due process: (1) the total length of detention to date, which is the most important factor; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in removal proceedings caused by the detainee; (5) delays in removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019).

The first factor weighs against Petitioner given that he has only been detained for seven months.  *See Sibomana v. LaRose*, No. 22-CV-933-LL-NLS, 2023 WL 3028093, at *4 (S.D. Cal. Apr. 20, 2023) (finding that courts are typically wary of continued custody without a bond hearing when detention extends beyond one year).  As to the second factor, although Petitioner has an individual merits hearing scheduled for February 2, 2026, it is currently unclear how long detention could continue; thus, this factor is neutral.  The third factor weighs for Petitioner as he is detained at a secure facility with his movement restricted and he alleges that the facility is overcrowded and does not provide enough food—a claim echoed by many other petitioners held at OMDC. [Petition at 9.]  The fourth and fifth factors are neutral as neither side demonstrates any delays.  As to the final factor,

Petitioner was found to have a credible fear of persecution and has submitted an asylum application, but it has yet to be adjudicated.  [Doc. No. 4 at 4–5.]  As such, this factor is neutral.  *See Banda*, 385 F. Supp. 3d at 1120 (finding sixth factor neutral where petitioner's asylum application was on appeal and court had no information to determine whether petitioner may be removed); *cf. LRG,* 3:25-CV-3490-CAB-MSB, Doc. No. 13 at 8 (noting petitioner's argument that her unique factual scenario meant she would not ultimately be removed and no opposing argument from the government).

In sum, factors two, four, five, and six are neutral, factor three weighs for Petitioner, and factor one—the most important—weighs against him.  The Court thus concludes that Petitioner's continued mandatory detention under § 1225(b)(1) is not unreasonable such that due process requires he be given a bond hearing.

Finally, regarding Petitioner's complaint about medical care, the Supreme Court has stated that "requests for relief turning on circumstances of confinement may be presented in a § 1983 action" rather than a habeas petition which is meant for "[c]hallenges to the validity of any confinement or to particulars affecting its duration[.]" *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  The Court thus finds Petitioner's argument that he should be released for alleged insufficient medical care unavailing.[1]

**IV.    CONCLUSION**

For the above reasons, the Court **DENIES** the Petition for writ of habeas corpus.

It is **SO ORDERED**.

Dated: January 22, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Petitioner cites one case in support: *Ahn v. INS*, 1. F. Supp. 2d 1139 (N.D. Cal. 1998).  It appears, however, that this case does not exist.